IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christopher Designs, Inc., <br><br> Plaintiff, <br> v. <br><br> Henri Daussi, LLC <br><br> Defendant. | Case. No. 24-cv-03186 <br><br> **COMPLAINT FOR** <br> **PATENT INFRINGEMENT** <br><br> **TRIAL BY JURY DEMANDED** |

Plaintiff Christopher Designs, Inc. ("CDI"), by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, files its complaint against Defendant Henri Daussi, LLC ("Daussi") for injunctive relief and damages as follows:

### NATURE OF THE ACTION

1. As set forth in detail below, Daussi willfully infringes multiple claims of U.S. Patent No. 9,398,791 ("the '791 patent"), a true and correct copy of which is attached hereto as **Exhibit "A."**

### PARTIES AND JURISDICTION

2. CDI is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 50 West 47th Street, Suite 1507, New York, NY 10036.

3. ECNA, LLC is the owner by assignment of the '791 patent. CDI has an exclusive license to the '791 patent from ECNA that gives CDI all substantial rights to the '791 patent, including the right to sue for patent infringement.

4. Daussi is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 590 Fifth Ave, 11th Floor, New York, NY 10036.

5. This action arises under the Patent Act of 1952, 35 U.S.C. §§1 et seq., as amended.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction over Daussi is proper in this District because Daussi is a New York limited liability company and with its principal place of business in New York City and sells infringing products in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Daussi is a New York limited liability company.

## FACTUAL ALLEGATIONS

9. CDI is a leading innovator in the field of diamond cutting and design. Christopher Slowinski founded CDI in 1981. Mr. Slowinski was born in Poland and apprenticed under master jewelry artisans in his native country and in the United States.

10. CDI's innovations include the original Crisscut® diamond. The original Crisscut® was launched with great fanfare: the arrangement of the 77 (versus the generic 48) "crisscrossed" facets redefined just how brilliant a diamond could be.

11. The Crisscut® facet arrangement was initially used for emerald shapes and later for the Crisscut® Cushion, another innovative design created by Mr. Slowinski.

12. CDI patented its latest innovation in diamond design in the '791 patent, entitled: "Diamond Cuts Providing Increased Light Amplification."



13. The '791 patent discloses and claims: "A sparkling, oblong-shaped precious stone, such as an emerald or cushion cut diamond" which is "formed by providing these diamonds with two long crown surfaces extending at a crown angle and two long pavilion surfaces extending at a pavilion angle, where the crown angle is in the range of 30-36 [degrees] and the pavilion angle is in the range of 30-34 [degrees]." The crown angle and the pavilion angle are formed so "that the crown angle is either equal to or larger than the pavilion angle by an angle that does not exceed 6 degrees."



14. CDI's innovations have spawned imitators and copyists. Daussi is now offering for sale a diamond that copies the patented design disclosed in the '791 patent. The Daussi 1.5

carat diamond incorporates all of the patented features of at least claim 1 of the '791 patent as set forth in more detail below.

## COUNT I—INFRINGEMENT OF U.S. PATENT 9,398,791

15.     CDI's analysis of the Daussi 1.5 carat diamond ("The Accused Product") revealed that the Accused Product infringes at least independent claim 1 and dependent claims 2, 3, 5, 6, 7, and 13 of the '791 patent.

16.     Daussi, without authority from CDI, has made, used, offered for sale, and sold, the Accused Product, which embodies the patented invention disclosed and claimed in the '791 patent.

17.     Claim 1 of the '791 patent reads:

An oblong precious stone elongated in one direction and defining a length of the precious stone in said one direction and a width in a direction perpendicular to said one direction, the precious stone having a left side and a right side both of which extend along the length of the stone, the precious stone comprising:

a table having a table plane, elongated in the one direction, a girdle, and said precious stone having a shape and configuration that results in a specific total depth percentage, a specific crown height percentage, a specific girdle height percentage and a specific table percentage;

a first crown surface, elongated in the one direction and extending at the left side of the stone and located between the table and the girdle and extending at a crown angle to the table plane;

a second crown surface, elongated in the one direction and extending at the right side of the stone and located between the table and the girdle and opposed to the first crown surface and extending at said crown angle relative to the table plane;

a first pavilion surface, elongated in the one direction and extending at the left side of the stone and at a pavilion angle relative to the table plane;

a second pavilion surface, elongated in the one direction and extending at the right side of the stone and extending oppositely to the first pavilion surface and extending at said pavilion angle relative to the table plane;

wherein said crown angle is in the range of 30-36 degrees and wherein said pavilion angle is in the range of 30-34 degrees; and

wherein said crown angle and said pavilion angle are so formed that the crown angle is either equal to or larger than said pavilion angle by an angle that does not exceed 6 degrees, to attain increased light amplification.

18. As set forth in the claim chart attached hereto as **Exhibit "B,"** the Accused Product meets every limitation of at least claims 1, 2, 3, 5, 6, 7, and 13 of the '791 patent or includes features that are insubstantially different from and interchangeable with the claim limitations. To the extent the features of the Accused Product deviate from the express limitations claims 1, 2, 3, 5, 6, 7, and 13, the features of the Accused Product perform the same function, in the same way, to achieve the same result as the express limitations of claims 1, 2, 3, 5, 6, 7, and 13. Therefore, the Accused Product infringes at least claims 1, 2, 3, 5, 6, 7, and 13 under the doctrine of equivalents.

19. The Accused Product is marketed and sold as a direct substitute for CDI's products that practice the '791 patent.

20. Daussi is currently practicing the '791 patent without authority from CDI and threatens to continue to do so absent injunctive relief from this Court.

21. The conduct of Daussi has injured and is continuing to injure CDI in its business and property.

22. The conduct of Daussi has caused and threatens CDI with irreparable harm for which CDI has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

A. Declare, adjudge, and decree that Daussi is liable for infringement of the '791 patent;

B. Issue preliminary and permanent injunctions restraining Daussi from engaging in any further activities that infringe the '791 patent, including through appropriate recall relief;

C. Award CDI damages in accordance with 35 U.S.C. § 284;

D. Declare this case "exceptional" and award CDI increased damages and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

E. Award CDI such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: April 25, 2024

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF LLP

By: _____
    James Tracy
156 West 56th Street
New York, New York 10019
Tel:  (212) 237-1231
Fax: (212) 262-1215


TUCKER ELLIS LLP

By: */s/ Keith J. Grady*
KEITH J. GRADY (MO #46757)
100 S. Fourth Street, Suite 600
St. Louis, MO 63102
Tel. (314) 256-2550
keith.grady@tuckerellis.com

HOWARD A. KROLL
HELENA GUYE
515 South Flower Street, Forty-Second Floor
Los Angeles, Ca 90071
Tel: (213) 430-3365
Howard.kroll@tuckerellis.com

*Attorneys for Christopher Designs, Inc.*