**EXHIBIT B**

| Claims of US 9,398,791 (the '791 Patent) | 1.50 Carat Stone by HENRI DAUSSI LLC (Accused Product) |
|---|---|
| 1. An oblong precious stone elongated in one direction and defining a length of the precious stone in said one direction and a width in a direction perpendicular to said one direction, the precious stone having a left side and a right side both of which extend along the length of the stone, the precious stone comprising: | The Accused Product includes these basic features. Specifically, shown below is a representation of the Accused Product, which is oblong in shape. The Accused Product includes a length, width, and left and right sides as illustrated below.  |
| a table having a table plane, elongated in the one direction, a girdle, and said precious stone having a shape and configuration that results in a specific total depth percentage, a specific crown height percentage, a specific girdle height percentage and a specific table percentage; | The Accused Product includes each of these claimed features as identified below. |



A ***depth percentage*** is known in the industry as a percentage of a stone's height divided by its width, with a greater depth resulting in a higher depth percentage. Accordingly, any stone with a height and width, such as the Accused Product, includes a specific total depth percentage.

A ***crown height percentage*** is known in the industry as the crown height divided by the total stone height. Accordingly, any stone with a crown, such as the Accused Product, includes a specific crown height percentage.

A ***girdle height percentage*** is known in the industry as the girdle height divided by the total stone height. Accordingly, any stone with a girdle, such as the Accused Product, includes a specific girdle height percentage.

A ***table percentage*** is known in the industry as the diameter of the table, divided by the average girdle diameter of the stone. Accordingly, any stone with a table, such as the Accused Product,

| | includes a specific table percentage. |
|---|---|
| a first crown surface, elongated in the one direction and extending at the left side of the stone and located between the table and the girdle and extending at a crown angle to the table plane; | The Accused Product includes each of these claimed features as identified below.<br><br> |
| a second crown surface, elongated in the one direction and extending at the right side of the stone and located between the table and the girdle and opposed to the first crown surface and extending at said crown angle relative to the table plane; | The Accused Product includes each of these claimed features as identified below.<br><br> |

| | |
|---|---|
| a first pavilion surface, elongated in the one direction and extending at the left side of the stone and at a pavilion angle relative to the table plane; | The Accused Product includes each of these claimed features as identified below.<br><br> |
| a second pavilion surface, elongated in the one direction and extending at the right side of the stone and extending oppositely to the first pavilion surface and extending at said pavilion angle relative to the table plane; | The Accused Product includes each of these claimed features as identified below.<br><br> |

| wherein said crown angle is in the range of 30-36 degrees and | The Accused Product includes each of these claimed features as identified below. |
|---|---|
| |  The Accused Product includes the feature "said crown angle is in the range of 30-36 degrees." Said crown angle refers to an angle of the first crown surface and an angle of the second crown surface, and that both the angle of the first crown surface and the second crown surface must be between 30-36 degrees. Thus, the Accused Product falls explicitly within this claim feature. <br><br> In the alternative, this claim limitation is met under the Doctrine of Equivalents. Specifically, the features of the Accused product are insubstantially different from the claimed limitations and perform the same function, in the same way, to achieve the same result as the express limitations noted herein. |
| wherein said pavilion angle is in the range of 30-34 degrees; and | The Accused Product includes each of these claimed features as |

| | |
|---|---|
| | identified below. |
| |  |
| | Pavilion angle of first pavilion surface is 31.10 degrees, which is within the claimed range. |
| | Pavilion angle of second pavilion surface is 32.32 degrees, which is within the claimed range. |
| | The Accused Product includes the feature "said pavilion angle is in the range of 30-34 degrees." Said pavilion angle refers to an angle of the first pavilion surface and an angle of the second pavilion surface, and that both the angle of the first pavilion surface and the second pavilion surface must be between 30-34 degrees. Thus, the Accused Product falls explicitly within this claim feature. |
| | In the alternative, this claim limitation is met under the Doctrine of Equivalents. Specifically, the features of the Accused product are insubstantially different from the claimed limitations and perform the same function, in the same way, to achieve the same result as the express limitations noted herein. |
| wherein said crown angle and said pavilion angle are so formed that the crown angle is either equal to or larger than said pavilion angle by an angle that does not exceed 6 degrees, to attain increased light amplification. | The Accused Product includes each of these claimed features. Specifically, for each of the left side and the right side of the Accused Product, the crown angle is either equal to or larger than said pavilion angle by an angle that does not exceed 6 degrees. See below for calculations.<br><br>- Left Side: 35.17 (crown) – 31.10 (pavilion) = 4.07 degrees |

| | - Right Side: 35.19 (crown) – 32.32 (pavilion) = 2.87 degrees |
| --- | --- |
| | In the alternative, this claim limitation is met under the Doctrine of Equivalents. Specifically, the features of the Accused product are insubstantially different from the claimed limitations and perform the same function, in the same way, to achieve the same result as the express limitations noted herein. |
| 2. The precious stone of claim 1, wherein said total depth percentage is in the range of 36.00 to 57.00. | The Accused Product includes a depth percentage of 48.07% as shown below. This value is within the claimed range of 36.00-57.00 %.<br><br> |
| 3. The precious stone of claim 1, wherein the total depth percentage is in the range of 40 to 50. | The Accused Product includes a depth percentage of 48.07% as shown below. This value is within the claimed ranged of 40-50%. |



| 5. The precious stone of claim 1, wherein said pavilion angle is in the range of 31 to 33 degrees. | The Accused Product includes each of these claimed features as identified below. |

Pavilion angle of first pavilion surface is 31.10 degrees, which is within the claimed range.

Pavilion angle of second pavilion surface is 32.32 degrees, which is within the claimed range.

The Accused Product includes the feature "said pavilion angle is in the range of 31-33 degrees." Thus, the Accused Product falls explicitly within this claim feature.

In the alternative, this claim limitation is met under the Doctrine of Equivalents. Specifically, the features of the Accused product are insubstantially different from the claimed limitations and perform the same function, in the same way, to achieve the same result as

| | the express limitations noted herein. |
|---|---|
| 6. The precious stone of claim 1, wherein said precious stone is a diamond. | The Accused Product is a diamond, and therefore, meets this claim limitation. |
| 7. The precious stone of claim 1, wherein said precious stone has a cushion-cut shape. | The Accused Product is a cushion cut diamond. Specifically, the Accused Product is an elongated cushion cut diamond. Therefore, the Accused Product meets this claim limitation. |
| 13. The precious stone of claim 1, wherein said crown height percentage in the range of 6-15, | The Accused Product includes a crown height percentage of 13.15% as shown below. This value is within the claimed range of 6-15%.  |
| said girdle height percentage in the range of 3-5, | The Accused Product includes a girdle height percentage of 4.30% as shown below. This value is within the claimed range of 3-5%. |

| | |
|---|---|
| | **Front view** <br> W: 6.273 mm, L: 8.835 mm, L/W: 1.408 <br> 100 % <br> 68.27% ( min 62.94% ) <br> 13.15%   4.30%   35.18°  Star Ratio 46.82% <br> 35.28° <br> Length 30.62% Girdle Facet N/A   48.07% 3.016 mm <br> 72.67% |
| said table percentage in the range of 70-79, and | The Accused Product includes a table percentage of 68.27% as shown below. This claim limitation is met under the Doctrine of Equivalents. Specifically, the features of the Accused product are insubstantially different from the claimed limitations and perform the same function, in the same way, to achieve the same result as the express limitations noted herein. <br><br> **Front view** <br> W: 6.273 mm, L: 8.835 mm, L/W: 1.408 <br> 100 % <br> 68.27%  min 62.94% ) <br> 13.15%   4.30%   35.18°  Star Ratio 46.82% <br> 35.28° <br> Length 30.62% Girdle Facet N/A   48.07% 3.016 mm <br> 72.67% |
| said total depth percentage in the range of 36-57. | The Accused Product includes a depth percentage of 48.07% as shown below. This value is within the claimed range of 36-57%. Therefore, the Accused Product meets this claim limitation. |

